PER CURIAM.
Appellant, Willard D. Darby, appeals the final judgment of dissolution of marriage awarding appellee, Ella Mae Darby, alimony. His sole point on appeal is that the trial court erred in fixing an alimony award. We agree and reverse.
Appellee filed a petition for dissolution of the marriage alleging that the marriage was irretrievably broken. She did not request alimony or any relief other than dissolution. Appellant filed a counterpetition for dissolution requesting, among other things, “other and further relief as may be just. . . . ” The parties subsequently entered into a written stipulation providing in pertinent part that the “[hjusband agrees that the marital home of the parties is the separate property of wife and he makes no claim to it or any part of it.” The stipulation did not provide for the payment of alimony.
*899 Neither appellant nor his attorney of record was present at the final hearing.
The final judgment provided that:
The Court has considered the stipulation of the parties and the same is not approved insofar as it is silent as to permanent alimony. This has been a long term marriage and wife is unemployed and without funds while husband’s income is approximately $150.00 per week, and the Court is somewhat troubled by these facts and therefore awards to wife temporary alimony of $36.00 per week, the first payment to be due on July 8, 1977 and on each Friday thereafter continuing through October 28,1977, and the Court further awards wife permanent alimony of $21.00 per week, the first payment to be due November 4, 1977 and subsequent payments to be due on each Friday thereafter until wife remarries or dies.
There is no question that the trial court had the authority to make an award of alimony even though it was not specified in the stipulation. However, such an award should not have been made without first affording appellant the opportunity to an adversary hearing at which evidence would be introduced as to the ability of appellant to pay and the needs of appellee.
Accordingly, the award of alimony is reversed and the case is remanded for further proceedings on that issue. In all other respects the judgment is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
BOARDMAN, C. J., and GRIMES and' OTT, JJ., concur.